UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.        : | MAG. NO. 19-84 (DAR) |
| : | |
| RICKY SHUMO,   : | |
| : | |
| Defendant.    : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D) and 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### Introduction

Ricky Shumo, a fifty six (56) year old male with a criminal history that includes prior drug distribution convictions, has been charged in a one-count indictment with Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). Mr. Shumo, having been convicted of three prior felony offenses, was aware that he was not allowed to possess a firearm. His previous criminal history and now, possession of a firearm, support the government's contention that the defendant should be held without bond pending trial to ensure the safety of the community.

**Procedural History and Applicable Authority**

At the initial appearance on April 8, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D) and 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The Court set a detention hearing for Thursday, April 11, 2019. On Wednesday, April 10, 2019, the grand jury returned an indictment in this matter.

The government contends that the defendant is a danger to the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Mr. Shumo should be detained. *See* 18 U.S.C. § 3142(e)(1).

**Nature and Circumstances of the Offenses Charged**

On April 6, 2019 at approximately 7:00 P.M., officers from the Metropolitan Police Department (MPD) Narcotics and Special Investigations Division (NSID) Narcotics Enforcement Unit (NEU) executed District of Columbia Superior Court Search Warrant 2019 CSW 1950 at

1850 Kendall Street, N.E., Apartment 103 in Washington, D.C. Officers obtained the search warrant, signed by Judge Beck, on April 5, 2019, following a controlled purchase of heroin from inside the apartment within 72 hours of obtaining the search warrant. The location is a one-bedroom apartment.

When MPD officers made entry into the apartment to execute the search warrant, they located the defendant, Ricky Shumo, in the living room of the apartment. There were two other individuals also in the living room. These individuals were not arrested. During the search of the apartment, officers recovered a firearm underneath the mattress of the bed in the single bedroom. The firearm is a Glock 22 .40 caliber handgun, serial number XNW649 with a large-capacity magazine capable of holding 29 rounds. At the time it was recovered, the firearm was loaded with 18 rounds of ammunition. A WALES/NCIC check of the serial number for the firearm revealed that the firearm was reported stolen. Also recovered from the apartment were two zips containing a white rock substance that field-tested positive for cocaine base, and a digital scale with white powder residue.

The single bedroom had mail matter throughout, addressed to the defendant at 1850 Kendall Street, N.E., Apartment 103 in Washington, D.C. While officers were executing the warrant, the defendant stated that the bedroom was his. The defendant was arrested. After his arrest, the defendant waived his rights and was interviewed by MPD Detective Timothy McDonald. During the interview, the defendant stated that the bedroom where the firearm was recovered was his but that the gun was not. The defendant stated that another individual pays him with money and drugs in exchange for keeping the gun and other contraband at his apartment. The defendant further stated that he knew the gun was in his home some time ago, possibly a

month ago, but was not specifically aware that it was there on this date.

Accordingly, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that Mr. Shumo was illegally in possession of a loaded firearm. Mr. Shumo should remain detained.

### Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against Mr. Shumo is strong. As set forth above, MPD police officers executed a search warrant at the 1850 Kendall Street N.E. Washington, D.C. address. The search resulted in the recovery of a loaded Glock Model 22 .40 caliber handgun found underneath the mattress in the bedroom of the apartment. *See* Government's Exhibit #1 and #2 (attached). The recovered firearm had a large capacity ammunition feeding device which was designed to hold a total of 29 rounds attached and contained 18 rounds of live ammunition. *See* Government's Exhibit #3 and #4 (attached). As mentioned above, in addition to Mr. Shumo's statement that the bedroom was his, officers found mail in the bedroom containing Mr. Shumo's name as the addressee. See Government's Exhibit #5 (attached)

### Mr. Shumo's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. This constitutes Mr. Shumo's fourth felony offense. Specifically, the defendant has the following prior convictions:

- Second Degree Theft (Washington, D.C., 2018);
- Receiving Stolen Property – Misdemeanor (Washington, D.C., 2017);
- Petit Larceny (Virginia, 2016);

- Bail Reform Act Violation – Misdemeanor (Washington, D.C., 2015);
- Second Degree Theft (Washington, D.C., 2015);
- Petit Larceny – Pickpocket (Virginia, 2014);
- No Permit (Washington, D.C., 2010);
- No Permit (Washington, D.C., 2010);
- Leaving After Colliding Injury (Washington, D.C., 2005);
- Attempted Possession of Marijuana (Washington, D.C., 2004);
- USCA Distribution of Cocaine, USCA Possession with Intent to Distribute Cocaine (Washington, D.C., 1992);
- Attempt To Take Property Without a Right (Washington, D.C., 1992)
- Taking Property Without a Right (Washington, D.C., 1991)
- Prison Breach (Washington, D.C., 1987)
- USCA Possession with Intent to Distribute Heroin (Washington, D.C., 1986)

The defendant has demonstrated that he cannot be trusted to refrain from engaging in criminal conduct as he has now again been arrested and charged with illegally carrying a loaded firearm. Mr. Shumo should not be released.

### Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a loaded firearm despite being legally barred from such possession.

The firearm that Mr. Shumo possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community. Mr. Shumo's criminal history and possession

of a loaded firearm, overwhelmingly demonstrate that he is a danger to the community. In order to protect the community, the defendant should be held without bond pending trial.

### There is No Condition or Combination of Conditions that Would Ensure Mr. Shumo's Compliance with Court-Ordered Release Conditions

The defendant's criminal history and instant arrest warrant pre-trial detention. The government's evidence strongly supports the argument that Mr. Shumo will continually circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

### Conclusion

The government respectfully requests that this Court detain Mr. Shumo pending trial because he has demonstrated that he is a danger to the community.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:     /s/
CLIFFORD M. LUHN
D.C. Bar No. 483785
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-6933
E-mail: Clifford.Luhn@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel Tony Axam, via the Electronic Case Filing (ECF) system, this 10th day of April, 2019.

/s/
CLIFFORD M. LUHN
Assistant United States Attorney









GOVERNMENT EXHIBIT 5
CARDELS 800-783-0399

(02) 726-7771
ate Farm Insurance
D. Box 3001
onroe, Wisconsin 53566

ectronic Service Requested

\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*5-DIGIT 20002

Ricky Shumo
1850 Kendall St NE Apt 103
Washington DC 20002-1650

\*\*\*\*\*\*\*\*\*\*\*\*\*\* ECRWSH

Ricky Shumo
1850 Kendall St. NE, Apt. 103
Washington, DC 20002-1650

...we 1 Gigabit spee
...g for the period of 12 months after insta
...urcharges, equipment taxes, activation fees, installation, fran
...0 days. After 30 days, the eero price will be $9.95 per month which includes 1
...e subject to an additional charge and regular increases and not included as part of the package
...ted in advance of the 12-month duration. **Customer is responsible** for any accrued service charges in the event service
...onal fees apply. **Other restrictions may apply.** Not all services available in all areas. All names, logos, images and service marks are property
...s and conditions. A trademark of Ziff Davis, LLC. Used under license. Reprinted with permission ©2019 Ziff Davis, LLC. All rights reserved ©2019 Starpower Commu

Return this c...
made payable to Per...

2DR01941
T2 0 4301 20002-165028 -C02-P02926
1002926 01 AV 0.375  \*\*AUTO
...EET NE APT 103
...02-1650